

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

E-filing

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORRAINE STONE,

Plaintiff,

vs.

NATIONAL ACTION FINANCIAL
SERVICES, INC.

Defendant.

Case No. **CV 10   4003 BZ**

COMPLAINT FOR VIOLATION
OF FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT,
ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT,
AND INVASION OF PRIVACY

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.      Plaintiff, Lorraine Stone ("Plaintiff"), is a natural person residing in San Mateo County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, National Action Financial Services, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.     On or about October 2005, Plaintiff filed for Chapter 7 Bankuptcy and was discharged of her debts on or about February 2006.

7.     As part of her bankruptcy, she was allowed to keep possession of a vehicle, given the minimal amount she owed on the vehicle.

8.     On or about June 2010, Plaintiff contacted the loan company, in an attempt to inquire regarding the pink slip for the vehicle she never received given her debt being discharged as part of the bankruptcy.

9.     The loan company informed Plaintiff that they were not allowed to collect on the alleged debt because of Federal Laws but informed Plaintiff that she still owed the amount, which at the time of the bankruptcy was approximately $500.00, had now increased to more than $1,000.00 including fees and charges.

10.     Defendant is attempting to collect the alleged debt that the loan company had requested from Plaintiff when Plaintiff wanted to get the pink slip to the vehicle.

11.     On more than one occasion, Defendant contacted Plaintiff's father in connection with an attempt to collect an alleged debt, for purposes beyond obtaining location information and disclosing the existence of an alleged debt owed by Plaintiff without being expressly requested, including but not limited to, a voicemail left on or about June 5, 2010.

12. On average, Plaintiff received more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month, including but not limited to, June 17, 2010 at 8:09 a.m.; June 17, 2010 at 10:48 a.m.; June 23, 2010 at 9:30 a.m.; and July 1, 2010 at 9:24 a.m.

13. On or about July 13, 2010, Plaintiff's counsel sent a letter to Defendant to inform Defendant that Plaintiff had been retained by counsel and to request a cease and desist on further direct contact with Plaintiff.

14. Despite Plaintiff's counsel's attempts to cease direct communication with Plaintiff, Defendant contacted Plaintiff directly in connection with an attempt to collect an alleged debt, including but not limited to, two calls on August 6, 2010.

15. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information including calling continuously to plaintiff's fathers home(§1692b & §1692c(b));

b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

Complaint - 4

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

f) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

g) Failing to disclose the callers individual identity in a telephone call to Plaintiff (§1692d(6));

h) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff (§1692d(6));

i) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code § 178811(b)).

j) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

16.   Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a

reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

17.   Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant's disclosures were highly offensive to a reasonable person.

18.   As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

19.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.   Declaratory judgment that Defendant's conduct

    violated the FDCPA;

    B.   Actual damages;

    C.   Statutory damages;

1

   D. Costs and reasonable attorney's fees; and,

2

   E. For such other and further relief as may be just and proper.

3

4

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

5

6

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

7

21. To the extent that Defendant's actions, counted above, violated the

8

9

RFDCPA, those actions were done knowingly and willfully

10

## PRAYER FOR RELIEF

11

WHEREFORE, Plaintiff respectfully prays that judgment be entered

12

13

against the Defendant for the following:

14

   A. Declaratory judgment that Defendant's conduct

15

   violated the RFDCPA;

16

   B. Actual damages;

17

   C. Statutory damages for willful and negligent violations;

18

   D. Costs and reasonable attorney's fees,

19

   E. For such other and further relief as may be just and proper.

20

21

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION
## AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

22

23

22. Plaintiff reincorporates by reference all of the preceding paragraphs.

24

## PRAYER FOR RELIEF

25

WHEREFORE, Plaintiff respectfully prays that judgment be entered

26

27

against the Defendant for the following:

28

   A. Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 2nd day of September, 2010.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

Complaint - 8